Hector MARTINEZ, Petitioner–
Appellant,

v.

Joe WILLIAMS, Warden, Lea County Correctional Facility; Attorney General for the State of New Mexico, Respondents–Appellees.

No. 01–2050.

United States Court of Appeals,
Tenth Circuit.

Aug. 16, 2001.

Before EBEL, KELLY, and LUCERO, Circuit Judges.*

### ORDER AND JUDGMENT **

PAUL KELLY, JR., Circuit Judge.

Mr. Martinez, an inmate proceeding pro se, seeks a certificate of appealability ("COA") to appeal from the district court's denial of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Mr. Martinez was convicted of criminal sexual penetration of a minor in New Mexico state court, N.M. Stat. Ann. § 30–9–11, and sentenced to eighteen years of imprisonment. In his habeas petition filed with the district court, Mr. Martinez argued insufficiency of the evidence and ineffective assistance of counsel. The matter was referred to a magistrate judge, who recommended that the petition be dismissed. R. doc. 14, at 14. The district court adopted the magistrate judge's findings and recommendation and dismissed the petition. R. doc. 16. The district court later denied Mr. Martinez a COA. R. doc. 19. Mr. Martinez now applies for a COA to appeal the dis-

---

* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R.App. P. 34(a); 10th Cir. R. 34.1(G). *The cause is therefore ordered submitted without oral argument.*

** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

trict court's denial of his petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(c) and deny Mr. Martinez's COA application and dismiss his petition.

A COA should issue only if Mr. Martinez makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Martinez identifies four issues which he believes warrant the issuance of a COA.[1]

■ The first issue is whether counsel was ineffective for encouraging Mr. Martinez "*not* to take the state's offer of an 18 month plea agreement." Pet. Br. at 3 (emphasis in original). Because Mr. Martinez failed to raise this issue in his petition to the district court, we decline to consider it here. *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir.1992).

■ The second issue raised by Mr. Martinez is whether counsel was ineffective for failing to file a petition for certiorari with the state supreme court. Aplt. Br. at 3(a)–3(b). Specifically, counsel failed to file a petition for certiorari with the state supreme court after the state appeals court held that there was sufficient evidence to support Mr. Martinez's conviction. R. doc. 1, ex. L, at 1–3. We agree with the district court[2] that counsel was not constitutionally ineffective. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Even assuming that counsel's performance fell below an objective standard of reasonableness,[3] Mr. Martinez was not prejudiced because there was sufficient evidence to support his conviction. *Id.* at 694.

At the time of the offense, criminal sexual penetration of a minor included "the insertion, to any extent, of a finger into the vagina of Victim, who was twelve years of age or younger." R. doc. 1, ex. L, at 2 (N.M. Ct.App. Memorandum Opinion, filed Jan. 29, 1999) (citing N.M. Stat. Ann. § 30–9–11(A)(1) (1953)). The victim testified at trial that she was twelve years old when Mr. Martinez sexually penetrated her with his finger. R. doc. 14, at 7. After the incident, marks were discovered on the victim's neck. *Id.* at 8. In New Mexico, evidence is sufficient if a "rational jury could have found beyond a reasonable doubt the essential facts required for a conviction." *State v. Rojo*, 126 N.M. 438, 971 P.2d 829, 836 (N.M.1999) (emphasis, citation and internal quotations omitted). All disputed facts and reasonable inferences are resolved in favor of the State, and contrary evidence and inferences are disregarded. *Id.* at 835. Therefore, notwithstanding the fact that there was contrary evidence and the victim's testimony was apparently inconsistent with her testimony at the preliminary hearing in some respects, there was no reasonable probability that the state supreme court would have granted certiorari or reversed the ruling of the state court of appeals assuming that certiorari was granted.

■ The third issue raised by Mr. Martinez also concerns counsel's effectiveness. Mr. Martinez asserts that counsel did not adequately investigate the victim's background before trial. Pet. Br. at 3. As the district court observed, Mr. Martinez

---

1. For ease of reference, the handwritten pages attached to Mr. Martinez's opening brief and application for a COA are cited as pages 3(a) through (3)(e).

2. Insofar as the district court adopted the magistrate judge's recommendation, we refer to the magistrate judge's analysis as that of the district court's.

3. We note that counsel was suspended from the practice of law for two years and ordered by the New Mexico Supreme Court to, inter alia, pay Mr. Martinez $1,000 in restitution. Pet. Br. ex. A, at 6 (Order).

raised this claim in his state habeas petition, R. doc. 9, ex. K, at 4(a)–4(b), which the state district court dismissed. *Id.* ex. M. Mr. Martinez has failed to show that the state district court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law" or that it was "based on an unreasonable determination of the facts...." 28 U.S.C. § 2254(d). Moreover, even if independent analysis of the merits was appropriate, Mr. Martinez has not "allege[d] sufficient facts to establish a constitutional claim." *Hatch v. Oklahoma,* 58 F.3d 1447, 1469 (10th Cir.1995) (citation and internal quotations omitted). He did not provide any details as to what the investigation would have revealed or explain why the investigation would have led to a different outcome at trial. It also bears noting that counsel did in fact investigate the victim's background, discovered that she had been convicted of larceny, and introduced evidence of the larceny conviction at trial. R. doc. 14, at 13.

Finally, Mr. Martinez raises sufficiency of the evidence. Putting the issue of procedural bar aside, there was, as explained, sufficient evidence to support Mr. Martinez's conviction. *Jackson v. Virginia,* 443 U.S. 307, 318, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Accordingly, Mr. Martinez has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). We therefore DENY Mr. Martinez's COA application and DISMISS his petition.